UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GWENDOLYN KAY WADE,

                Plaintiff,

vs.                                              Case No.  3:12-cv-853-J-MCR

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

                Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[2]

This case is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED** and the case is **REMANDED** for further proceedings**.**

**I.**      **PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on December 9, 2009.[3]  (Tr. 90-91, 159-60, 161-

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 18).

[3] Plaintiff's prior applications for DIB and SSI were denied on September 25, 2009. Plaintiff's alleged disability onset date for purposes of the instant action is September 26, 2009. (Tr. 66-78, 201-04).

65). Plaintiff's claim was denied initially (Tr. 90-91, 102-110), and on reconsideration (Tr. 92-93, 112-17). The Administrative Law Judge ("ALJ") held a hearing on July 14, 2011 (Tr. 30-65) and issued an unfavorable decision on November 18, 2011 (Tr. 9-29). The ALJ found Plaintiff had not been under a disability from September 26, 2009 through the date of the decision. (Tr. 23). On January 12, 2012, Plaintiff filed a request for review of the ALJ's decision, which was denied on May 30, 2012. (Tr. 1-5, 7). Therefore, the Commissioner's decision is now ripe for review.

## II. NATURE OF DISABILITY CLAIM

### A. Basis of Claimed Disability

Plaintiff was 49 years old with a high school education at the time of the ALJ's decision. (Tr. 9, 161, 189). Her past relevant work history includes work as a customer service representative, insurance clerk, and sales account manager. (Tr. 22, 190, 205, 274-76). Plaintiff claims to be disabled due to feet, knee, back, and neck injuries, migraines, anxiety, bipolar disorder, fibromyalgia, acid reflux, allergies, asthma, psoriasis, arthritis, and traumatic mouth and jaw injury. (Tr. 188).

### B. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful

activity, she is not disabled. 29 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(a)(2)(iv). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found Plaintiff had the following severe impairments: bilateral foot pain with history of 5th metatarsal crack of the right foot and left foot metatarsal fractures, s/p open reduction and internal fixation of the left foot and left foot hardware removal; bilateral knee pain, s/p left knee arthroscopy; low back and neck pain with history of lumbar and cervical disc disease; myofascial pain; bipolar disorder, by history; and generalized anxiety disorder. (Tr. 15). At step three, the ALJ determined Plaintiff did not have an

impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4. (Tr. 15-16). The ALJ further determined Plaintiff had the residual functional capacity ("RFC")[4] to perform a restricted range of sedentary work,[5] in that Plaintiff can occasionally climb, balance, stoop, kneel, crouch, and crawl, have only occasional exposure to pulmonary irritants, and must avoid heights and hazards. In addition, the ALJ found Plaintiff is limited to simple, routine, repetitive tasks with only occasional contact with the public. (Tr. 16).

Based on this RFC finding, the ALJ determined that Plaintiff was unable to perform her past relevant work. (Tr. 22). The ALJ, relying on vocational expert testimony, found that Plaintiff was not disabled because there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 22-23). Therefore, Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 23).

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th

---

[4] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545, 416.945. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff raises the following two issues on appeal: (1) whether the ALJ erred by failing to properly consider the opinions of Plaintiff's treating physicians (Doc. 21, pp. 10-21); and (2) whether the ALJ erred in failing to adopt the state agency medical

consultant's entire opinion regarding Plaintiff's limitations in social functioning (Id. at pp. 21-24).  The Court will address each of these issues.

### 1. Whether the ALJ properly considered the opinions of Plaintiff's treating physicians.

Plaintiff argues the ALJ failed to articulate good cause for discrediting the opinions of treating physicians Drs. Terry Soldo and R. David Heekin, and instead relying on the non-examining opinion of the state agency consultant.  (Doc. 21, pp. 10-21).  When considering a treating physician's testimony, the ALJ must give substantial or considerable weight to such testimony unless good cause is shown to the contrary.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004); Lewis v. Callahan, 125 F.3d 1436,1440 (11th Cir. 1997); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments.  Lewis, 125 F.3d at 1440.  Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error.  MacGregor, 786 F.2d at 1053.  Good cause for rejecting a treating source's opinion may be found where the treating source's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record.  Phillips, 357 F.3d at 1240-41 (citing Lewis, 125 F.3d at 1440); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).  Where the Commissioner has ignored or failed properly to refute the treating physician's

testimony, such testimony, as a matter of law, must be accepted as true. MacGregor, 786 F.2d at 1053.

On June 28, 2011, Plaintiff's treating physician, Dr. Soldo, opined that during an eight hour workday, Plaintiff would have to leave her work more than one hour to recline or lay down due to the severity and frequency of symptoms arising from her condition manifesting in chronic pain, including bilateral foot pain and swelling. (Tr. 569). She would be absent more than three days during a month due to the severity and frequency of her symptoms and would experience frequent interferences with concentration, persistence and pace. During an eight hour workday, Dr. Soldo opined that Plaintiff would be unable to stand and/or walk a total of two hours due to bilateral foot pain and swelling. (Id.).

The ALJ gave Dr. Soldo's opinion "no weight" because of the lack of "objective evidence" to support the opinion. (Tr. 19). However, the ALJ erroneously provided no further analysis or explanation, other than the contrary opinion of a non-examining medical consultant. See Gayler v. Astrue, 2008 WL 4327050, at *6 (M.D. Fla. Sept.18, 2008) (reversing and remanding ALJ's decision to discount a treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); Russ v. Astrue, 2009 WL 764516, at *10 (M.D. Fla. Mar.20, 2009) (finding an ALJ's "dismissal" of a treating physician's opinion was "deficient" when the ALJ noted the opinion "was 'not supported by objective findings,' "but did not provide any explanation for the reason). Without explicit and adequate reasons supported by good cause for

discounting Dr. Soldo's opinion, the ALJ cannot rely solely on the opinion of a non-examining physician.  See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.1997) (stating if an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it); Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir.1985) (stating that an opinion of a non-examining physician "is entitled to little weight if it is contrary to the opinion of the claimant's treating physician") (citations omitted).

Similarly, the ALJ discredited the treating opinion of Dr. Heekin because (1) the opinion was inconsistent with his own treatment notes and the evidence of record; and (2) the record only documents one visit with Dr. Heekin in 2010.[6]  See (Tr. 20). However, the ALJ did not offer any examples of supposed inconsistencies that would support discrediting the opinion.  In addition, the fact that Dr. Heekin didn't mention it was a follow-up visit seems menial in light of the fact that he had previously performed two foot surgeries on Plaintiff.

Based on the foregoing, Court finds the ALJ failed to provide adequate reasoning for rejecting the opinions of Plaintiff's treating physicians.  Thus, on remand, the ALJ is

---

[6]    On October 14, 2011, Dr. Heekin completed a medical source statement and opined Plaintiff could sit for one hour, stand for less than one hour, and walk for less than one hour in an eight hour workday and sit for a total of four hours, and stand and walk for a total of two hours each during an entire eight hour day.  She could never lift or carry more than ten pounds and she could not use her left or right hands for repetitive movements such as pushing and pulling arm controls. Additionally, she could not use her feet for repetitive movements such as pushing and pulling of leg controls. She could never squat, crawl, or climb and was totally restricted from unprotected heights or exposure to marked changes in temperature and humidity.  Plaintiff could perform work activity within the above restrictions on a part-time basis.  (Tr. 585).

directed to re-evaluate the opinions of treating physicians Drs. Soldo and Heekin and accord them proper weight.

> **2.    Whether the ALJ properly considered the state agency medical consultant's entire opinion regarding Plaintiff's limitations in social functioning.**

Plaintiff argues that the ALJ failed to properly explain his reasons for not crediting the state agency consultant's opinion regarding her moderate limitations in interacting with supervisors and coworkers. (Doc. 21, pp. 21-24; Tr. 412-13). When evaluating any medical source opinion, the ALJ is required to consider the factors listed in the regulations. These factors are the length of treatment, frequency of examination, nature and extent of the treatment relationship, support of opinion afforded by medical evidence, consistency of opinion with the record as a whole, and specialization of the treating physician. 20 C.F.R. §§ 404.1527(d) and 416.927(d). SSR 96-8p further requires the ALJ to explain his basis for rejecting any medical opinions conflicting with his RFC assessment.

An ALJ has a duty to specifically state the weight accorded to each item of impairment evidence and the reasons as to why he accepted or rejected the evidence. See Morrison v. Barnhart, 278 F.Supp. 2d 1331, 1337 (M.D. Fla. 2003) (citations omitted). According to SSR 96-6p, findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the administrative law judge and Appeals Council levels of administrative review. The ALJs may not ignore

these opinions and must explain the weight given to these opinions in their decisions. Id.

Here, state agency consultant Dr. Alvarez-Mullin completed a mental RFC form that opined Plaintiff suffers from moderate limitations in interacting with the general public, accepting instructions and responding appropriately to supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 412). In addition, Dr. Alvarez-Mullin stated that Plaintiff "might have some difficulty interacting with others" and would function "best in a work situation with limited social demand." (Tr. 413). The ALJ did not explain why he chose to discredit Dr. Alvarez-Mullin's opinion regarding Plaintiff's moderate social functioning limitations with supervisors and coworkers but credited his opinions regarding difficulties dealing with the general public. (Tr. 22). Thus, on remand, the ALJ should re-evaluate Dr. Alvarez-Mullin's opinions regarding Plaintiff's social functioning.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED** to the ALJ with instructions to: (1) re-evaluate the opinions of Plaintiff's treating physicians, and if he gives these opinions less than controlling weight, he should make sure to clearly articulate the reasons for doing so; (2) re-evaluate Dr. Alvarez-Mullin's opinions regarding Plaintiff's social functioning; and (3) conduct any other proceeding deemed appropriate. The Clerk of the court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration.  **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of June, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

-11-